UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
SOO HWAN KIM,

                        Plaintiff,

        -against-

UNITED STATES SMALL BUSINESS
ADMINISTRATION,

                       Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
25-CV-1552 (DG) (TAM)
(Not for publication)

**TARYN A. MERKL**, United States Magistrate Judge:

        On November 19, 2024, *pro se* Plaintiff Soo Hwan Kim initiated an action against Defendant United States Small Business Administration in Queens County Civil Court, Small Claims Part, alleging breach of contract. (*See* Not. of Removal, ECF No. 1; Not. of Claim & Summons to Appear, ECF No. 1-1.) Defendant removed the case to the Eastern District of New York on March 20, 2025, pursuant to 28 U.S.C. § 1442(a)(1). (*See* Not. of Removal, ECF No. 1.) This Court then directed Plaintiff to file their complaint by April 11, 2025. (*See* March 21, 2025 ECF Order.) To date, Plaintiff has failed to file a complaint, despite the Court extending Plaintiff's time to file three times. (*See* April 21, 2025 ECF Order; May 20, 2025 ECF Order; June 18, 2025 ECF Order.) For the following reasons, the Court respectfully recommends that Plaintiff's claims be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

        As noted above, Plaintiff commenced this action on November 19, 2024, in Queens County Civil Court, Small Claims Part, Index No. SC 003368/2024 QU. (*See* Not. of Removal, ECF No. 1, ¶ 1; Not. of Claim & Summons to Appear, ECF No. 1-1.) A hearing was originally scheduled for April 3, 2025, in the Small Claims Part. (*See* Not. of

Claim & Summons to Appear, ECF No. 1-1.) Defendant removed the case to the Eastern District of New York on March 20, 2025. (*See* Not. of Removal, ECF No. 1.)

On March 21, 2025, the Court acknowledged receipt of the notice of removal and directed Plaintiff to file a complaint by April 11, 2025. (*See* March 21, 2025 ECF Order.) After Plaintiff failed to file a complaint by April 11, the Court extended Plaintiff's deadline to May 8, 2025, and directed Defendant to file a status letter by May 16, 2025, should Plaintiff fail to file a complaint by the May deadline. (April 21, 2025 ECF Order.)

Plaintiff failed to file a complaint by May 8, 2025, and Defendant failed to file a status letter by May 16, 2025. (*See* May 20, 2025 ECF Order.) The Court again extended Plaintiff's deadline to file a complaint, and warned Plaintiff that "**failure to file a complaint by 6/3/2025 will result in this Court recommending that Plaintiff's claims be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b)**." (May 20, 2025 ECF Order (emphasis in original).) The Court also directed Defendant to file a status letter by June 13, 2025. (*Id.*)

On May 21, 2025, Defendant filed a letter stating that it has been unable to retrieve the initial complaint from the Queens County Court, and that counsel for Defendant has attempted to contact Plaintiff without success. (*See* Status Report, ECF No. 4.) Defendant also indicated that it anticipates filing a dispositive motion related to Plaintiff's failure to exhaust administrative remedies in the event a complaint is filed. (*Id.*)

On June 18, 2025, after Plaintiff again failed to file a complaint, the Court issued a final order to show cause directing Plaintiff to file a complaint by July 17, 2025. (June 18, 2025 ECF Order.) The Court warned Plaintiff that: "**This is the Court's final warning. Failure to file a complaint by 7/17/2025 will result in this Court recommending that Plaintiff's claims be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b)**."

2

(*Id.* (emphasis in original).) On June 18, 2025, Defendant filed a status report stating that counsel has "again repeatedly attempted to locate and retrieve for filing in this matter the initial complaint from Queens County Small Claims Court without success." (Status Report, ECF No. 5.) Defendant further represented that despite counsel's attempts to contact Plaintiff by telephone, counsel had not succeeded in reaching Plaintiff. (*See id.*) To date, Plaintiff has not filed a complaint or any other documentation on the docket.

## DISCUSSION

### I. Legal Standards

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also dismiss a case for failure to prosecute *sua sponte*. *O'Rourke v. Nirvana*, No. 19-CV-4711 (PAE) (GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020), *report and recommendation adopted*, 2020 WL 2133174 (S.D.N.Y. May 5, 2020). As the Second Circuit has recognized, while dismissal for failure to prosecute is explicitly sanctioned by Rule 41(b), the power of a district court to dismiss on this basis is also considered "'an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Second Circuit has cautioned, however, that dismissal for lack of prosecution is a "'harsh remedy'" and only appropriate in "'extreme situations.'" *Id.* at 575–76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

When determining whether dismissal for failure to prosecute is warranted, courts must consider five factors, including whether:

3

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has explained that no single factor is dispositive, and therefore, courts must review all of the factors in determining whether to dismiss for failure to prosecute. *Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *2 (E.D.N.Y. Aug. 5, 2021) (citing *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011); *Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009)), *report and recommendation adopted*, 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). The Circuit has also observed that when a plaintiff fails to respond once threatened with dismissal, it is unclear that a lesser sanction will result in reengagement in a matter. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam).

## II. Analysis

Here, the Court finds that all five of the relevant factors weigh in favor of dismissing Plaintiff's claims against Defendant. First, months of failure to respond to court orders clearly constitutes a significant delay. *See Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (citing cases). Since the case was removed to federal court over four months ago, Plaintiff has not appeared or responded to any Court orders in this case. More specifically, in that time, Plaintiff has failed to respond to four separate orders directing the filing of a complaint. (*See* March 21, 2025 ECF Order; April 21, 2025 ECF Order; May 20, 2025 ECF Order; June 18, 2025 ECF Order.)

Second, the Court is satisfied that Plaintiff has received proper notice about the possibility of dismissal and that further attempts to warn them would be futile. In its May 20, 2025 order, the Court warned Plaintiff that failure to file a complaint "**will result in this Court recommending that Plaintiff's claims be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b)**." (May 20, 2025 ECF Order (emphasis in original).) The Court then issued a "**final warning**" to Plaintiff on June 18, 2025, notifying them that "**[f]ailure to file a complaint by 7/17/2025 will result in this Court recommending that Plaintiff's claims be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b)**." (June 18, 2025 ECF Order (emphasis in original).) Further, as reflected on the docket, the Court has directed the Clerk of Court to mail a copy of every Court order to Plaintiff at their address of 119-53 26th Avenue, First Floor, Jamaica, New York 11354-1048. (*See* March 21, 2025 ECF Order; April 21, 2025 ECF Order; May 20, 2025 ECF Order; June 18, 2025 ECF Order.)

Third, further delay would prejudice Defendant. "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Caussade*, 293 F.R.D. at 630. As noted above, Plaintiff has failed to file a complaint, despite four Court orders directing them to do so. Defendant has also represented that counsel has been unable to get in contact with Plaintiff. (*See* Status Report, ECF No. 4; Status Report, ECF No. 5.) The Court finds that Defendant would be prejudiced by further delay in this litigation, given that it has been pending for months, and in light of the current record, which shows that: Plaintiff has failed to prosecute or otherwise move the case forward since Defendant removed the case to federal court on March 20, 2025, Plaintiff has never appeared in the federal case, and the case has not meaningfully progressed, notwithstanding multiple court orders.

In addition to the notice Plaintiff received regarding the consequences of their failure to file a complaint, and the prejudice Defendant would face if the case were further delayed by Plaintiff's delays and refusal to follow court orders, the Court also concludes that the fourth and fifth factors under Rule 41(b) weigh in favor of dismissal. Plaintiff's serial failures to participate use up "scarce judicial resources" and reduce "fairness to other litigants." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980). As discussed, Plaintiff has not only "shown little interest in prosecuting this case," they have affirmatively violated four court orders directing them to participate. *Caussade*, 293 F.R.D. at 631. (*See* March 21, 2025 ECF Order; April 21, 2025 ECF Order; May 20, 2025 ECF Order; June 18, 2025 ECF Order.) Accordingly, the Court finds that dismissal is the only "efficacious option" and that "dismissal would seek the proper balance between expediency and the rights of the plaintiff." *Vidales*, 2021 WL 3742765, at *4.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends dismissing this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

\*   \*   \*   \*   \*

This report and recommendation will be filed electronically and a copy sent by mail to Plaintiff. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable Diane Gujarati at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See, e.g.*, *Caidor v. Onondaga County*, 517

F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate[ judge's] decision" (quotation marks omitted)).

    **SO ORDERED.**

Dated:  Brooklyn, New York
        July 30, 2025

                                            *Taryn A. Merkl*
                                        TARYN A. MERKL
                                        UNITED STATES MAGISTRATE JUDGE